UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARDELL C. CAMPBELL,

        Petitioner,                    Civil No. 08-14804
                                                  Honorable David M. Lawson

v.

C. ZYCH,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

The petitioner, Cardell C. Campbell, presently confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, who is being detained pending trial in this Court before the Honorable Victoria A. Roberts, claims that the pending charges are the result of an illegal traffic stop and a bogus search warrant, and that a police officer gave false testimony at his arraignment. The petitioner seeks release on bond and the issuance of a writ of habeas corpus.

I

Rule 4 of the Rules Governing Section 2254 Cases provides that a court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 Cases may be applied at the discretion of a district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules

Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court dismisses the petition without prejudice.

II.

As an initial matter, the petitioner has filed the pending petition under 28 U.S.C. § 2254. Section 2254 is an appropriate avenue for habeas corpus relief where a petitioner claims to be "in custody pursuant to the judgment of a State court" in violation of the Constitution. 28 U.S.C. § 2254(a). In the present case, the petitioner is awaiting trial in federal court and therefore is not incarcerated pursuant to a state court judgment. Pretrial petitions are properly brought under 28 U.S.C. § 2241, which applies to persons who are in custody without regard to whether final judgment has been rendered. *See Atkins v. People of the State of Mich.*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Therefore, this Court will construe the petition as having been filed under 28 U.S.C. § 2241.

The petitioner is a federal pre-trial detainee who is challenging the constitutionality of his ongoing criminal proceedings before the Honorable Victoria A. Roberts of this Court. The petitioner asserts several claims related to the constitutionality of his arrest and detention. He appears to seek both a writ of habeas corpus and release on bond. Although 28 U.S.C. § 2241 establishes federal-court jurisdiction to consider pretrial habeas corpus petitions, courts abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other available procedures. *See Atkins,* 644 F.2d at 546.

Similarly, a habeas petition brought under 28 U.S.C. § 2241 or § 2254 is not an appropriate avenue for a federal pretrial detainee's complaints that he is being held in custody in violation of his constitutional trial rights. *See Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, at

*1 (E.D. Mich. Nov. 10, 2005) (citing *Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001)). "[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." *Hargrove*, 2005 WL 3021966, at *1 (quoting *Kotmair*, 143 F. Supp. 2d at 534 (additional internal citation omitted)). When a federal pre-trial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas corpus relief may be available. *See Sandles v. Hemingway*, 22 F. App'x 557, 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994); *Flowers v. Edwards*, 780 F.2d 1020, 1984 WL 13977, *1 (6th Cir. Nov. 18, 1985) (unpublished)).

In this case, the petitioner seeks release on bail and the issues he raises in his habeas petition may be resolved in the pending criminal process or on appeal. The petitioner therefore must exhaust his claims at trial and on direct appeal before he can maintain a habeas action. He has not done so. Although the petitioner has presented the claims regarding the legality of the police stop and warrant to the trial judge and she has denied relief on those claims, the petitioner has not presented those claims on appeal. Consequently, the petitioner must await resolution of his claims on direct appeal, should he be convicted, before he may pursue habeas relief. This action is premature. *Accord Abernathy v. U.S. Marshal Serv.*, 2:08-CV-14663, 2008 WL 4858442, at *1-2 (E.D. Mich. Nov. 10, 2008) (holding that a habeas petitioner must await resolution of his claims on direct appeal from his criminal conviction before filing a habeas petition); *Caldwell v. O'Malley*, No. 1:08 CV 0495, 2008 WL 696608, at *2 (N.D. Ohio March 13, 2008) (same); *Clements v. Gonzales*, No. 4:07 CV1596, 2007 WL 1747140, at *1-2 (N.D. Ohio June 15, 2007) (same).

III.

The petitioner has not exhausted claims by raising the on direct appeal. Therefore, the Court will dismiss his petition without prejudice.

Accordingly, it is **ORDERED** that the plaintiff's petition for writ of habeas corpus [dkt # 1] is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 11, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2009.

s/Felicia M. Moses
FELICIA M. MOSES